# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBIN M. LEE, | |
|     Plaintiff, | Case No. 2:13-cv-01851-MMD-GWF |
| vs. | **ORDER AND FINDINGS AND RECOMMENDATION** |
| PLAZA HOTEL AND CASINO, *et al.*, | Application to Proceed in Forma Pauperis (#1) and Screening of Complaint (#1-1) |
|     Defendants. | |

This matter comes before the Court on Plaintiff Robin M. Lee's ("Plaintiff") Application to Proceed in Forma Pauperis (#1) ("Application"), filed on October 10, 2013. Plaintiff filed the Application with his Complaint (#1-1) as required by 28 U.S.C. § 1915(a).

## BACKGROUND

As the Court understands Plaintiff's allegations, Plaintiff's wallet, identification cards, bank cards, and passport were taken from him by Plaintiff's own family members, Plaza Hotel employees, guests of the Plaza Hotel, and members of the Hawaii Bar Association. Plaintiff seeks $25 million dollars a year from Defendants alleging their hotel has been the base of operations. Furthermore, Plaintiff alleges the Defendants' General Manager and Chief of Security possess full knowledge of how Plaintiff's family members and the Hawaii Bar Association have been tormenting the Plaintiff since 2011.

## DISCUSSION

**I.    Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff''s financial affidavit under 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Upon review, the Court is unable to ascertain any viable causes of action because Plaintiff's complaint is premised on irrational, wholly incredible, and frivolous fact scenarios. As it is clear from the face of the complaint that the deficiencies cannot be cured by amendment, the Court will recommend that Plaintiff's Complaint be dismissed with prejudice. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with prejudice**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Yist*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of March, 2014.

*George Foley Jr.*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**